Judge Underwood
delivered the opinion of the Court.
Jones sued Barrow and Cooper in the circuit court, in an action of covenant, they plead non est factum, and on the trial, the jury found for the defendants. Jones then filed his bill in chancery, enjoining the judgment for costs against him, and praying for a new trial at law, which upon hearing, was ordered fay the chancellor, as to Barrow alone, the bill being dismissed as to Cooper. The ground relied on in the bill is, that Jones had put the instrument on which suit was brought, in the hands of aD agent, who placed it into the hands of an attorney, who brought suit thereon; that at the time of the trial the agent was dead; the complainant, Jones, a non-resident, and. the attorney ignorant of the witnesses to call or have summoned to prove the execution of the covenant, and that he had discovered important testimony, which, in addition to that previously known to him, would enable him to succeed on another trial.
We are of opinion that the bill does not present a case which authorized the relief given. It was the- *471 ■fault of the complainant’s attorney, to go into trial unprepared, or if he did, to suffer a verdict to be rendered in the absence of the complainant, or any authorized agent. For injuries resulting to clients, from negligence or inattention on the part of their attorneys, Courts cannot give redress against the other party to the suit. Redress must be sought in a new action, against a new party.
The record at )aiviand tl?e the chancery cause, do not justify dis- and judgment,
Cunningham, for plaintiff.
The discovery of evidence or new testimony relevant to the point in issue, which, by reasonable diligence, could have been produced, is no cause for a new trial; going into trial unprepared, should rather operate against an application /ora new trial,instead of in its favor. Where it does not clearly appear, that the result of a newv trial ought to be in favor of the applicant, it should be awarded with much caution, if at all. The authorities are abundant on these points.
The record shows that the attorney for Jones was, at least, so far attentive to his interests, as to call and examine witnesses for him, on the trial at law. The subscribing witness was examined, and he disowned and disproved the covenant. The testimony of the complainant, taken in the chancery suit, although it is sufficient to excite our suspicions, that he has been imposed on, yet it is by no means conclusive. Every view of the case satisfies us that the verdict and judgment at law, ought not to have been disturbed.
Decree reversed with costs. The complainant’s bill must be dismissed with costs, and his injunction dissolved with damages.